FILED

01/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0432

DA 24-0432

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 10

IN RE THE PARENTING OF:

G.L.M.S. and T.L.S., Minor Children,

THOMAS STEIGER,

        Petitioner and Appellant,

   and

HOPE VANDELDEN,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and For the County of Lincoln, Cause No. DR-16-186
                Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Sara T. Young, Law Office of Sara T. Young, LLC, Kalispell,
                Montana

        For Appellee:

                Hope VanDelden, Self-Represented, Libby, Montana

                Submitted on Briefs:  December 4, 2024

                      Decided:  January 22, 2025

Filed:

                  _____
                                Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1     Appellant Thomas Steiger (Thomas) appeals from the July 12, 2024 Order Granting Motion to Amend Parenting Plan issued by the Nineteenth Judicial District Court, Lincoln County.

¶2     We restate the issue on appeal as follows:

*Whether the District Court erred in granting Respondent's motion to amend parenting plan without holding a hearing.*

¶3     We reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4     Thomas and Appellee Hope VanDelden (Hope) have two minor children— G.L.M.S., now 12 years old, and T.L.S., now 8 years old. Thomas filed a Petition for Establishment of a Permanent Parenting Plan on October 18, 2016. Hope did not respond and her default was entered January 26, 2017. Following a hearing on May 1, 2017, which Hope did not attend, the court entered a Final Parenting Plan. The Final Parenting Plan provided that the children would reside on a primary basis with Thomas and have contact with Hope on alternating weekends, alternating holidays, and for up to 14 days of vacation time each year. Hope filed a motion to amend the parenting plan on October 26, 2017. In her supporting affidavit she asserted Thomas had stopped allowing her to see the children three days a week and her parenting time had been reduced to every other weekend because Thomas "started going by the parenting plan," and that the children should be able to see her more. In October 2017, Thomas's mother and stepfather also petitioned to intervene—

2

which was granted—asserting Thomas had unilaterally decreased their grandparenting time with the children.

¶5     It appears nothing occurred for some time until October 20, 2023, when Hope filed a motion to proceed with mediation again raising the issue of modification of the parenting plan.  After the parties were unsuccessful in resolving parenting issues through mediation, Hope filed a motion to amend the parenting plan on January 23, 2024, asserting that "Montana law says that it is not in the child(ren)'s best interest when one parent does not allow the other parent to see the child(ren) or tries to keep the other parent from seeing the child(ren).  Mont. Code Ann. [§] 40-4-219(3)."  In her supporting affidavit, Hope asserted Thomas did not permit their children to spend any time other than that ordered in the parenting plan with her and that the children wanted to see her more.  In response, Thomas filed a Motion Denying Respondent's Request to Amend the Final Parenting Plan asserting that there was not a change in circumstance that would warrant amending the parenting plan.  In his supporting affidavit, he provided contradictory evidence to Hope's allegations of not receiving parenting time.  On May 22, 2024, the District Court sua sponte set an in-chambers interview with the parties' oldest child, G.L.M.S., for May 30, 2024.  In its order setting the interview, the District Court noted that, "[a] hearing on a motion to amend a final parenting plan is required where a party sufficiently pleads that a change has occurred in the circumstances of the child such that the amendment is necessary to serve the best interests of the child.  § 40-4-219(1), MCA."  Nearly six weeks after interviewing G.L.M.S. and without holding an evidentiary hearing on Hope's motion to amend the

3

parenting plan, the District Court issued its July 12, 2024 Order Granting Motion to Amend Parenting Plan from which Thomas appeals.

## STANDARD OF REVIEW

¶6 We review parenting plan modifications for a clear abuse of discretion. *In re Marriage of Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894. An abuse of discretion occurs if a court exercises its discretion based on clearly erroneous findings of fact, an erroneous conclusion of law, or acts arbitrarily without employment of conscientious judgment or beyond the bounds of reason resulting in substantial injustice. *In re Marriage of Bessette*, ¶ 13. We review conclusions of law de novo for correctness. *In re Marriage of Bessette*, ¶ 13.

## DISCUSSION

¶7 *Whether the District Court erred in granting Respondent's motion to amend parenting plan without holding a hearing.*

¶8 Thomas argues the District Court erroneously amended the parenting plan without holding a hearing pursuant to the requirements of § 40-4-220, MCA. Hope responds that the parties' children desire to be with her more and spend time with siblings on her side of the family. Section 40-4-220(1), MCA, states:

> Unless the parties agree to an interim parenting plan or an amended parenting plan, the moving party seeking an interim parenting plan or amendment of a final parenting plan shall submit, together with the moving papers, an affidavit setting forth facts supporting the requested plan or amendment and shall give notice, together with a copy of the affidavit, to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, based on the best interests of the child, in which case it shall set a date for hearing on an order to show cause why the requested plan or amendment should not be granted.

4

¶9 When interpreting a statute, we begin with its plain language. *In re U.A.C.*, 2022 MT 230, ¶ 13, 410 Mont. 493, 520 P.3d 295. "The plain meaning of a statute controls when the legislative intent can be determined from the plain meaning of the words used in the statute." *In re U.A.C.*, ¶ 13 (citation omitted). Section 40-4-220, MCA, requires the court to hold a hearing on a party's request to amend the parenting plan unless the parties agree to an amended parenting plan—which here they did not—or the court denies amendment to the parenting plan for lack of adequate cause set forth in the pleading documents. Thomas did not waive a hearing. In response to Hope's motion to amend the parenting plan, he filed a Motion Denying Respondent's Request to Amend the Final Parenting Plan supported by his affidavit in which he asserted there was not a change in circumstance that would warrant amending the parenting plan. Under the plain language of § 40-4-220, MCA, unless it found inadequate cause set forth in the pleading documents and denied the motion to amend, the court was required to hold a hearing. Presumably, by issuing its order granting Hope's motion to amend the parenting plan, the court believed adequate cause had been set forth for amendment. The District Court erred in not holding a hearing. As such, we reverse the District Court's July 12, 2024 order granting Hope's motion to amend the parenting plan and remand to the District Court to hold a hearing on the motion.

¶10 In addition to asserting the District Court erred by not holding a hearing, Thomas also asserts the District Court supported amendment of the parenting plan based on erroneous facts. Thomas asserts the District Court's July 12, 2024 order granting amendment of the parenting plan states the parties requested the court interview the oldest

5

child when no such request or motion was brought by either party. He asserts the District Court found both children wanted to spend more time with their mother though it only interviewed one child. Thomas further asserts the District Court erroneously determined Hope's living arrangements and employment had improved and become more stable but nothing in Hope's motion or supporting affidavit disclosed any information as to her living arrangement or employment status. Finally, Thomas asserts the District Court erroneously determined he had not been flexible in providing Hope additional parenting time when he had provided documentation evidencing such flexibility to the court.

¶11 As we have reversed the July 12, 2024 Order Granting Motion to Amend Parenting Plan and remanded the matter to the District Court for a hearing, we need not further address these assertions of erroneous facts. We trust the District Court will hold an evidentiary hearing, determine whether the necessary statutory criteria for amendment of the parenting plan under §§ 40-4-219 and -212, MCA, have been met, and, if so, amend the parenting plan in accordance with the best interests of the parties' children.

## CONCLUSION

¶12 As the District Court did not deny Hope's motion to amend the parenting plan for lack of adequate cause, pursuant to § 40-4-220, MCA, the District Court was required to hold a hearing on the contested motion to amend the parenting plan.

¶13 Reversed and remanded for a hearing on the motion to amend the parenting plan.

/S/ INGRID GUSTAFSON

6

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE