FILED

02/10/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0428

DA 25-0428

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 23N

IN RE THE PARENTING OF G.L.M.S. and T.L.S.,
Minor Children:

THOMAS STEIGER,

      Petitioner and Appellant,

  and

HOPE VANDELDEN,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DR-16-186
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Megan Timm, Timm Law Firm, P.C., Kalispell, Montana

    For Appellee:

        Hope Vandelden, Self-Represented, Libby, Montana

                Submitted on Briefs:  November 5, 2025

                         Decided:  February 10, 2026

Filed:

                  _____
                           Clerk

Chief Justice Cory J. Swanson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Thomas Steiger (Steiger) appeals from the July 11, 2025 Order of the Nineteenth Judicial District Court for Lincoln County, granting the Motion to Amend Parenting Plan (Order). We affirm.

¶3 Steiger and Appellee, Hope VanDelden (VanDelden), have two children ages nine and thirteen. Following a hearing on May 1, 2017, which VanDelden failed to attend, the court entered a Final Parenting Plan (First Plan) providing the children would primarily reside with Steiger. On October 26, 2017, VanDelden filed a motion to amend the parenting plan, asserting Steiger was preventing her from seeing the children as much as usual because he "started going by the parenting plan." After unsuccessful mediation, VanDelden filed another motion to amend the parenting plan arguing that the children wanted to spend more time with her. Steiger filed a Motion Denying Respondent's Request to Amend the Final Parenting Plan, arguing there was no change in circumstance to warrant the amendment.

¶4 After conducting an in-chambers interview with the oldest child, the District Court issued its July 12, 2024 amended parenting plan (Amended Plan). Soon after, Steiger

2

appealed the Amended Plan to this Court. For six months while the District Court's decision was under appeal, the parties alternated weeks for parenting time according to the Amended Plan. On January 22, 2025, this Court reversed and remanded the case, directing the District Court to first hold an evidentiary hearing on the motion to amend the parenting plan before issuing an order. *See In re G.L.M.S.*, 2025 MT 10, 420 Mont. 215, 562 P.3d 1058 (*In re G.L.M.S. I*). Immediately following the reversal, the parties resumed the First Plan.

¶5 On April 2, 2025, the District Court held a hearing subsequent to this Court's reversal and remand. VanDelden and Steiger offered conflicting testimony regarding the wellbeing of the children under the alternating weeks schedule. VanDelden testified she was in the process of moving at the time the First Plan was implemented and did not receive notice of the hearing. She also testified that she now has a more settled environment, stable relationship, and flexible employment for parenting time. Steiger testified he provided a more stable environment for the children and VanDelden was not as involved in the children's daily lives as she should have been. On June 4, 2025, the District Court issued a second order granting VanDelden's motion to amend the parenting plan. Steiger appealed.

¶6 District courts are granted broad discretion under §§ 40-4-212, -219, and -220, MCA, when determining parenting plan modifications. *In re Marriage of Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894 (internal citations omitted). Parenting plan modifications and determinations are reviewed for clear abuse of discretion. *In re Marriage of Bessette*, ¶ 13 (internal citations omitted). A district court abuses its

discretion if the exercise of such discretion is based on a clearly erroneous finding of fact, or an erroneous conclusion of law, or if the court acts arbitrarily without employing conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *In re Marriage of Bessette*, ¶ 13 (internal citations omitted). We review conclusions of law de novo for correctness. *In re Marriage of Bessette*, ¶ 13 (internal citations omitted).

¶7 In *In re G.L.M.S. I*, we addressed whether the District Court erred in granting VanDelden's motion to amend parenting plan without holding a hearing. *In re G.L.M.S. I*, ¶ 2. We found the District Court erred and reversed and remanded for a hearing on the motion to amend the parenting plan. *In re G.L.M.S. I*, ¶ 13. The District Court followed this Court's guidance, held a hearing on the motion to amend the parenting plan, and issued its Order accordingly.

¶8 On appeal, Steiger argues the District Court erred when it found a change in circumstances sufficient to justify a modification to the First Plan under § 40-4-219, MCA. The statute provides:

> The court may in its discretion amend a prior parenting plan if it finds, upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child.

Section 40-4-219, MCA. In its July 12, 2024 order, the District Court held the change in VanDelden's living arrangements and employment status satisfied the threshold requirements under § 40-4-219, MCA. In the Order at issue on appeal, the District Court found the changes in parenting plans, and therefore parenting time, to be adequate to meet the statute's requirements. Steiger argues that by using "this Court's reversal to justify

4

reinstating its erroneous decision," the District Court "manufacture[d] changed circumstances." However, the relevant inquiry is not how the change in circumstances developed, but rather how they impacted the children.

¶9 Since the First Plan was implemented, various circumstantial changes have improved the District Court's ability to assess the appropriate parenting plan. The First Plan was issued by default judgment after VanDelden failed to appear. VanDelden later testified that she was in the process of moving and did not receive notice of the hearing. Since then, VanDelden has involved herself in proceedings and provided credible testimony at the subsequent hearing. Based on the pleadings, testimony, and exhibits, the District Court concluded VanDelden's home and employment situation had "improved substantially" since the First Plan was implemented.

¶10 Because of VanDelden's increased involvement, the court was able to consider VanDelden's testimony regarding the children's performance during equal parenting time under the Amended Plan. VanDelden testified that the children did better in school and were active in various extracurricular activities. VanDelden also testified that her new work schedule allows her to take work off in the weeks she has custody of the children, allowing her to be more involved in their activities.

¶11 Steiger's testimony conflicted with VanDelden's. Steiger claimed the children's school performance and behavior had worsened during the implementation of the Amended Plan. Steiger also argues VanDelden lived in the same home and held three jobs for six years leading up to her motion to amend the plan which did not rise to the change in circumstances required for modification.

5

¶12 Steiger testified that VanDelden failed to communicate important medical information regarding the children's appointments and created issues with his insurance network. VanDelden presented messages on her phone that conflicted with Steiger's testimony regarding the communication. VanDelden's testimony and exhibits allowed the court to assess communication between parents and improve it by implementing the use of Our Family Wizard. The court was also able to assess the children's time with their grandmother, and upon agreement of both parties remove her as a back-up caregiver.

¶13 This additional information presented after the First Plan allowed the court to assess the children's conduct and behavior under each parenting plan and make a well-informed decision on how to best serve the interests of the children. The District Court found while the parties were following the Amended Plan, "T.S.'s behavior overall had improved." The court also concluded, after interviewing G.L.M.S., that the children loved both parents and wanted to spend more time with VanDelden. Based on these conclusions, the District Court, in its discretion, found it to be in the "best interests of the children to have equal contact with each parent."

¶14 Steiger argues the District Court abused its discretion in determining the amended parenting plan is in the best interests of the children under § 40-4-212, MCA. This Court must give due regard to a district court's opportunity to judge the credibility of a witness. M. R. Civ. P. 52(a). We will not substitute our judgment for a district court's judgment on conflicts in evidence. *In re Marriage of Oehlke*, 2002 MT 79, ¶ 21, 309 Mont. 254, 46 P.3d 49 (internal citations omitted). Here, the District Court found VanDelden's testimony to be more credible than Steiger's and found no evidence substantiating Steiger's claims that

6

the children's performance had worsened under the Amended Plan. Accordingly, we give deference to that opinion.

¶15 Therefore, we conclude the District Court did not err in finding a change in circumstances sufficient to satisfy the prerequisite in § 40-4-219, MCA, nor did it err in determining the Amended Plan to be in the best interests of the children. Accordingly, the District Court's findings were not clearly erroneous, and it did not abuse its discretion in granting the motion to amend parenting plan.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶17 Affirmed.

/S/ CORY J. SWANSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M. BIDEGARAY
/S/ BETH BAKER
/S/ JIM RICE

7